This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BOBBY MARTINEZ and TINA MARTINEZ,**

Plaintiffs,

v.                                                      **NO. 34,623**

**BAR-M CONSTRUCTION, INC.,**

Defendant/Cross-Claim Plaintiff-Appellee,

and

**PREMIER HEATING/AIR CONDITIONING & ROOFING, L.L.C.,**

Defendant/Cross-Claim Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Riley, Shane & Keller, P.A.
Mark J. Riley
Daniel (Chet) A. Alderete
Albuquerque, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward R. Ricco
Robert J. Sanchez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Premier Heating/Air Conditioning & Roofing, L.L.C. (Premier) has appealed relative to an award of prejudgment interest. We previously issued a notice of proposed summary disposition, in which we proposed to uphold the award. Premier has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Premier's assertions of error, we affirm.

**{2}** In the notice of proposed summary disposition, we observed that the district court premised the award upon both NMSA 1978, Section 56-8-3 (1983) and NMSA 1978, Section 56-8-4(B) (2004). [RP 2518] We proposed to hold that either of these statutory provisions would supply adequate support for the award. [CN 2-5] In its memorandum in opposition Premier argues that the nature of the dispute and the ultimate recovery are such that Section 56-8-3 "cannot possibly" support the award. [MIO 2] We will assume that this is so. Ultimately however, we conclude that the alternative statutory provision supplies an appropriate basis for the award.

**{3}** Section 56-8-4(B) authorizes the courts to award prejudgment interest after considering, "among other things," the litigation and settlement conduct of the parties. *Id.* In its memorandum in opposition Premier continues to focus on Bar-M's

"unreasonable" settlement conduct. [MIO 4-6] In light thereof, as well as the "substantial punitive purpose" associated with Section 56-8-4(B), Premier contends that the district court abused its discretion in requiring Premier to pay the award of prejudgment interest to Plaintiffs. [MIO 5-6] However, as we previously observed, Premier's *own* apparent failure to make reasonable settlement offers supports the underlying decision to award prejudgment interest to Plaintiffs pursuant to Section 56-8-4(B). [DS 5]

**{4}**     We understand Premier to suggest that, notwithstanding its own misconduct, Bar-M should be said to bear some responsibility for the delays in this case, and as such it is inequitable to require Premier to pay the entire prejudgment interest award. [MIO 6] We remain unpersuaded. Insofar as Premier was the "active wrongdoer" [MIO 5] and insofar as Premier failed to make reasonable settlement offers, the delay may be attributed (in equity and in fact) to Premier.

**{5}**     Moreover, Premier was contractually required to indemnify Bar-M. [DS 4] We understand Premier to contend that it should not be required to indemnify Bar-M in light of the punitive nature of the award and in light of Bar-M's misconduct. [MIO 5-6] However, as we previously observed, awards of prejudgment interest are not just punitive; they are also compensatory in nature. *See Weidler v. Big J Enters.*, 1998-NMCA-021, ¶ 54, 124 N.M. 591, 953 P.2d 1089 (observing that "[p]rejudgment

3

interest pursuant to Section 56-8-4(B) could be viewed as compensatory[,]" insofar as it "is necessary to make the plaintiff whole, because the damages to which he was entitled to compensate for his loss were not received until long after the injury occurred"). We perceive no impropriety in requiring Premier to indemnify Bar-M for such a compensatory award, *see Rio Grande Gas Co. v. Stahmann Farms, Inc.*, 1969-NMSC-089, ¶ 13, 80 N.M. 432, 457 P.2d 364 (observing that "with indemnity, the right to recover springs from a contract, express or implied, and enforces a duty on the primary wrongdoer to respond for all damages"), particularly in light of the jury's determination that Premier was the active wrongdoer. [MIO 5] *See Christus St. Vincent Reg'l Med. Ctr. v. Duarte-Afara*, 2011-NMCA-112, ¶ 14, 267 P.3d 70 ("Traditional indemnification grants the person who has been held liable for another's wrongdoing an all-or-nothing right of recovery from a third party, such as the primary wrongdoer." (internal quotation marks and citation omitted)).

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the award was well within the district court's discretion. We therefore affirm.

{7}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

4

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**